Earle G. DAVIS, Mike Ellsworth, Louis McWhorter, Individually and as representatives of Plaintiffs below, Plaintiffs-Appellants,

and

Arthur H. Northrup, Appellant,

v.

Elwood McELHINEY, Francis Sallier, and Dean DeWitt, Objectors-Appellees,

and

Indiana National Corporation and TFAC, Inc., Defendants-Appellees.

No. 1–379A83.

Court of Appeals of Indiana, First District.

Oct. 23, 1979.

LOWDERMILK, Presiding Judge.

## ON PETITION FOR REHEARING

Earle G. Davis, Mike Ellsworth, Louis McWhorter, and Arthur H. Northrup (claimants) have included in their petition for rehearing certain allegations to which we now respond.

Claimants assert that this court failed to consider questions concerning the trial court's exclusion of evidence.

■ First, allegations of error omitted from the motion to correct errors are not available for argument on appeal. Ind. Rules of Procedure, Trial Rule 59(G); *Haskett v. Haskett*, (1975) 164 Ind.App. 105, 327 N.E.2d 612. We find no references in claimants' motion to correct errors to any issue concerning the exclusion of evidence.

■ Second, the log book and the record of legal services were available at the time of the first hearing but claimants did not offer them into evidence. The trial court explained when claimants asked to reopen the hearing:

"You see the thing is as you know you don't try a lawsuit, and come in and put things in and maybe not everything in . . . and when you get the results say hey I believe I would like to try that over, maybe I can win it the next time. That's not the way you do, that isn't the way courts operate. . . ."

The trial court did not err. *Austin v. Durbin*, (1974) 160 Ind.App. 180, 310 N.E.2d 893.

■ Third, claimants insist that they have been "deprived of fair play by rules which change after the game is over." The trial court warned claimants that "I don't rule on [the admissibility of] anything unless it is offered." The trial court asked, "[D]o you have any new evidence that you didn't put in the other time on attorney fees?" Claimants responded, "[T]here is evidence that *can be presented* of the hours spent on this case. . . ." (Our emphasis) When claimants discussed the records concerning attorney fees, claimants commented that, "If the court wants the evidence of the whole three years of legal services," but the trial court responded:

"The court doesn't want anything. I want you to just prove your case the way you want to prove it, I can't seem to get that across."

The trial court was simply playing by well established rules. These rules did not change during or after the course of the proceedings, and the trial court made diligent effort to explain the rules to claimants.

Next, claimants quote a portion of this court's opinion filed September 18, 1979. The quoted portion answers argument number one of Issue One. Claimants are incorrect when they assert that the quoted portion was addressed to their arguments three, six, seven, and eight of Issue One.

■ Claimants imply that the trial court had an absolute duty to order payment for attorney fees incurred after date of October 10, 1977. They disregard the various factors which the trial court can properly consider in determining the award of attorney fees. These factors are set forth in our opinion filed September 18, 1979.

Finally, claimants overlook the fact that insufficiency of the evidence was not the sole basis for our holding that the trial court did not err when it refused to order payment to Davis, Ellsworth, and McWhorter for services allegedly rendered.

Claimants' petition for rehearing is denied.

ROBERTSON and NEAL, JJ., concur.